UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL MANCUSO AND MARY BARTHOLOMEW | CIVIL ACTION |
| VERSUS | NO: 21-935 |
| FOREST RIVER, INC., ET AL. | SECTION: "J" |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 58)** filed by Defendants, Ford Motor Company ("Ford"), Forest River, Inc. ("Forest River"), Berryland Motors, LLC ("Berryland"), and U.S. Bank, National Association ("U.S. Bank") (collectively, "Defendants"). The motion is opposed by Plaintiffs, Cheryl Mancuso and Mary Bartholomew ("Plaintiffs") (Rec. Doc. 62). Defendants filed a reply memorandum; (Rec. Doc. 68); and Plaintiffs filed a surreply; (Rec. Doc. 69). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

Louisiana residents Cheryl Mancuso and Mary Bartholomew purchased a 2021 Forest River Sunseeker 2350LEF motorhome ("Sunseeker") on July 24, 2020 from Berryland, a Louisiana limited liability company. The sales price for the Sunseeker was $77,796.00. Forest River manufactured certain parts for the Sunseeker and

installed it on a chassis and engine manufactured by Ford. Plaintiffs financed the purchase through U.S. Bank.

On July 27, 2020, Ms. Mancuso discovered gaps in the wall by the driver's seat and emergency exit window and notified Berryland. Berryland repaired the gaps from July 28-30, 2020. Plaintiffs then discovered another separation and opening between the door frame and wall, which was repaired from August 3-4, 2020.

Then, on August 10, 2020, while Plaintiffs were driving, dashboard alarms and warning lights flashed with error messages, and the Sunseeker cruise control disengaged. On August 11, 2020, while driving 72 miles per hour, the Sunseeker again flashed warning lights with an error message and then abruptly braked without warning. The same occurred on August 19, 2020 and again between August 20-22, 2020.

While in Montana on August 22, 2020, the Sunseeker's leveling jack did not lower, and on August 26, 2020, Plaintiffs noticed the Sunseeker's house batteries were depleted. Plaintiffs notified Forest River about the leveling jacks and battery. Plaintiffs tendered the Sunseeker to a repair technician in Colorado, who replaced a gateway module to clear all the codes. Throughout August and September, the Sunseeker continued to abruptly brake, and its generator shut down frequently. Plaintiffs had the generator repaired on October 8, 2020 and then drove home to Louisiana.

On October 20, 2020, Plaintiffs delivered the Sunseeker to Berryland for repairs, and they picked it up on April 22, 2021. During that time, Berryland tendered

2

the motorhome to a technician in Mississippi to replace wheel speed sensors. In April and May 2021, the Sunseeker's generator tripped the GFCI, and the house batteries failed to hold a charge. Additionally, the leveling jacks would not lower, and the Sunseeker again abruptly braked to a complete stop while in motion, with the same alarms and dashboard warning lights.

Plaintiffs filed their complaint in this court on May 5, 2021, alleging that defendants breached the implied warranties of redhibition. (Rec. Doc. 1). Plaintiffs also alleged that the Court has subject matter jurisdiction pursuant to the Magnuson-Moss Warranty Act ("MMWA"). *Id.* at 2 (citing 15 U.S.C. § 2301, *et seq*). Plaintiffs amended their complaint on October 18, 2021 to add Defendant Ford Motor Company. (Rec. Doc. 24, at 2). Plaintiffs seek to rescind the sale and recover the purchase price of the motorhome, plus costs, insurance, and damages, including non-pecuniary damages. *Id.* at 6.

On October 18, 2022, Defendants moved for summary judgment on all of Plaintiffs' claims, arguing that (1) Plaintiffs cannot produce evidence for their claims under the MMWA, (2) Plaintiffs cannot not prove all the elements of a redhibition claim, and (3) non-pecuniary damages are not available for this type of sale. (Rec. Doc. 58). Plaintiffs opposed the motion on October 25, 2022. (Rec. Doc. 62). The Court ordered the parties to prepare to argue the significance of a waiver of warranty document included in the parties' exhibits, and Defendants replied on November 7, 2022, including arguments regarding the waiver. (Rec. Doc. 68). The Court granted Plaintiffs leave to file a surreply memorandum to respond to the Defendants' waiver

3

arguments, and Plaintiffs filed the memorandum on November 8, 2022. (Rec. Doc. 69).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not

persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## <u>DISCUSSION</u>

### I.   **Magnuson-Moss Warranty Act claim**

Defendants argue that Plaintiffs' MMWA claims should be dismissed because they did not allege specific conduct constituting a breach of the statute or what damages they are entitled to under the MMWA. (Rec. Doc. 58-1, at 25). Specifically, Defendants note that Plaintiffs have not alleged that the defective item was subject to a warranty, that the item did not conform to the warranty, that the seller was given a reasonable opportunity to cure the defects, and that the seller failed to make repairs within a reasonable time or within a reasonable number of attempts—as required by the MMWA. *Id.* at n. 25. Plaintiffs respond by stating that their amended complaint states sufficient facts to allege a MMWA cause of action. (Rec. Doc. 62, at 24).

"In addition to establishing standards governing the content of warranties, the MMWA creates a statutory cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation imposed by the Act or established by a written warranty, implied warranty, or service contract." *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (quoting 15 U.S.C. § 2310(d)(1)) (internal quotation marks omitted). Specifically, the Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief. . . in an appropriate district court of the United States," if the amount in controversy is at least $50,000. 15 U.S.C. § 2310. In the present case, Plaintiffs seem to contend that their purchase of the Sunseeker was covered by a written or implied warranty that Defendants failed to comply with.

First, the MMWA defines a written warranty as

any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time.

15 U.S.C. § 2301(6)(A). Courts have "declined to extend the [MMWA's narrow definition of a written warranty] beyond its statutory definition, which requires the warrantor to make "an affirmation or promise of defect-free performance." *Gordon v. Sig Sauer, Inc.*, No. CV H-19-585, 2019 WL 4572799, at *10 (S.D. Tex. Sept. 20, 2019) (citing *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 615 (E.D. Mich. 2017)). A

mere product description does not affirmatively promise a defect free performance. *Id.*

Plaintiffs' amended complaint mentions the MMWA in just two sections: to allege federal question jurisdiction; (Rec. Doc. 24, at 2); and then to state:

> Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2) and Louisiana Redhibition law, Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of the Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

*Id.* at 5. However, Plaintiffs do not provide evidence of a specific agreement "set forth above" that could be construed as a warranty, written or otherwise, from any of the defendants. Nor do plaintiffs provide evidence that they read or relied on specific affirmative promises from defendants that could constitute a written warranty under the MMWA. Instead, Plaintiffs filed several hundred pages of exhibits related to the sale but did not include any any documents evidencing the existence of a written warranty. Accordingly, Plaintiffs' claims for breach of a written warranty under the MMWA must be dismissed.

Second, the MMWA defines an implied warranty as "an implied warranty arising under State law...in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). "Federal courts apply analogous state law to breach of warranty claims under the MMWA." *Naquin v. Forest River, Inc.*, No. 1:17-CV-01311, 2018 WL 3147497, at *9 (W.D. La. May 16,

2018), *report and recommendation adopted*, No. 1:17-CV-01311, 2018 WL 3131058 (W.D. La. June 26, 2018) (citing *Hardin v. Forest River, Inc.*, No. CV 17-2132, 2017 WL 3311260, at *2 (E.D. La. Aug. 3, 2017)). Thus, as to Plaintiffs' claim for breach of an implied warranty under the MMWA, the Court must look to Louisiana redhibition law.

## II.    Redhibition claim

Defendants argue that Plaintiffs lack evidence to prove their motorhome has redhibitory defects. (Rec. Doc. 58-1, at 11-16). Specifically, based on their expert's inspection, Defendants contend first that the alleged brake problem was not present in the motorhome and second, that the other problems Plaintiffs allege are not in fact redhibitory defects. *Id*. Plaintiffs argue that their depositions and answers to interrogatories show that genuine issues of material facts exist regarding whether the braking system and other problems with the motorhome constitute redhibitory defects. (Rec. Doc. 62, at 22).

Under Louisiana law, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold." La. Civ. Code art. 2520. "A defect is redhibitory when it renders the thing useless, or its use so inconvenient it must be presumed that a buyer would not have bought the thing had he known of the defect." *Id*. In such a case, the buyer retains the right to obtain rescission of the sale. *Id*. However, a defect is also redhibitory when, without rendering the thing totally useless, it diminishes its usefulness or value so that it must be presumed that a buyer would still have bought

it but for a lesser price. *Id*. Under these circumstances, the buyer is limited to a reduction in the price of the thing purchased. *Id*.

A seller however owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things. La. Civ. Code art. 2521. If a buyer believes that the thing suffers from a redhibitory defect, she must give the seller notice of the existence of the redhibitory defect and allow the seller to make the required repairs. *Id*. If a buyer fails to give such notice, the buyer suffers diminution of the warranty against redhibitory defects to the extent that the seller can show the defect could have been repaired or that the repairs would have been less burdensome had he received timely notice. La. Civ. Code art. 2522. However, such notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold. *Id*. If a seller knows the thing he sells has a defect but omits to declare it, or a seller declares that the thing has a quality that he knows it does not have, the seller is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney's fees. La. Civ. Code art. 2545. A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing. *Id*.

The implied warranty against redhibitory defects can be excluded or limited by agreement, but the terms of such exclusion or limitation must be clear and unambiguous and brought to the attention of the buyer. *See* La. Civ. Code art. 2548*;*

*see also Prince v. Paretti Pontiac Co.*, 281 So. 2d 112, 117 (La. 1973) (holding that waiver clause was not brough to purchaser's attention nor explained to him, so was therefore invalid). The seller bears the burden of proving the warranty against redhibitory defects has been waived, and these exclusions or limitations are strictly construed against the seller. *Tyson v. Brentley Merchand*, 2014-1767 (La. App. 1 Cir. 6/5/15); 2015 WL 3548159, at \*5 (citing *Bo-Pic Foods, Inc. v. Polyflex Film and Converting, Inc.*, 95-0889 (La. App. 1 Cir. 12/15/95); 665 So. 2d 787, 791). A buyer is not bound by an otherwise effective exclusion or limitation when the seller has declared that the thing has a quality that he knew it did not have. La. Civ. Code art. 2548. Thus, an otherwise effective exclusion or limitation on the warranty against redhibitory defects is ineffective if the seller commits fraud, as defined by the Louisiana Civil Code, upon the buyer. *Tyson*, 2015 WL 3548159, at \*5 (quoting *Shelton v. Standard / 700 Assocs.*, 2001-0587 (La. 10/16/01); 798 So. 2d 60, 64).

In this case, notwithstanding the categorization of the Sunseeker's defects as redhibitory, Plaintiffs attachments include two clear and unambiguous waivers of implied warranties. First, the Forest River "Customer Delivery and Warranty Registration Form" that Ms. Mancuso signed and dated on July 24, 2020 states, directly above the signature block:

> I waive any and all rights to rescind this sale or to reduce the purchase price against Forest River, Inc. by reason of any vice or defects in the above-described unit, including but not limited to any rights of redhibition granted to me by law. I acknowledge that this provision and waiver has been brought to my attention.

(Rec. Doc. 62-2, at 34). Additionally, Plaintiffs provided another waiver of warranty, titled "This Vehicle is Sold without Warranty: As-Is" Waiver of All Warranties," which provides Civil Code Articles 2476 and 2520 along with the following waiver:

> In having knowledge of these articles and in understanding the import of same, buyer herein waives any rights he may have in and under and by virtue of the articles in and against Seller as concerns the purchase of the at issue vehicle. Furthermore, buyer waives any and all rights in and against Seller for its liability in connection with the sale of this vehicle.

> Buyer further waives any and all rights he/they may have, now or in the future, to recover from Seller any personal damages to property, damage for loss of use, loss of time, loss of profits, loss of income, or any other incidental damages, including expressly waiving herein the right to claim a return of purchase price and/or a claim in redhibition.

> **\*\*THE WAIVER OF ALL WARRANTIES HAS BEEN FULLY EXPLAINED TO ME. I AM AWARE I HAVE NO RIGHT TO SUE THE SELLER FOR ANY DEFECT IN THIS VEHICLE.**

> DO NOT SIGN IF THE ABOVE STATEMENT IS NOT TRUE

(Rec. Doc. 62-7, at 50). Ms. Mancuso's signature immediately follows. *Id.* The Court finds that these waivers are clear and unambiguous and brought to the buyer's attention. Thus, Ms. Mancuso waived her redhibition claims against Berryland and Forest River by agreeing to the terms and conditions of the purchase agreement and the as-is waiver of warranties. Therefore, Ms. Mancuso's claims for damages against Berryland and Forest River, including non-pecuniary damages, based on a breach of the implied warranty against redhibitory defects under the MMWA must be dismissed.

However, in their surreply, Plaintiffs argue that, despite the waivers as to the dealership and one of the manufacturers of the motorhome, Ms. Mancuso is

11

subrogated to the rights in warranty that the seller has against other persons. Even when a warranty against redhibitory defects is validly excluded, the buyer is subrogated to the rights in warranty of the seller against other persons. La. Civ. Code art. 2548. "Thus, even if a buyer has effectively agreed to waive her rights in redhibition against her immediate seller, she may exercise the rights in redhibition of her seller against the seller's seller." § 11:32. *Buyer is subrogated to seller's rights even if redhibition is excluded*, 24 La. Civ. L. Treatise, Sales § 11:32. Subrogation is the substitution of one person to the rights of another by contract or by operation of law. La. Civ. Code art. 1825. In this case, although Ms. Mancuso validly waived her rights in redhibition against Berryland and Forest River, Defendants provided no evidence that Ms. Mancuso cannot be subrogated to Berryland's rights in redhibition against Berryland's seller or other component manufacturers, including Ford and Forest River.

Further, the provided waivers of redhibition rights are only signed by Plaintiff Cheryl Mancuso, and not Plaintiff Mary Bartholomew. In fact, Ms. Bartholomew declares that she did not witness Ms. Mancuso sign the waivers, nor did Ms. Barthomew sign the waivers. (Rec. Docs. 69, at 5; 69-1, at 2, 4). Defendants offer no support for, nor is the Court aware of any source supporting, their statement that "as joint (*i.e.* co-) owners of the recreational vehicle, the signed waivers also forfeited Plaintiff Mary Bartholomew's right to sue." (Rec. Doc. 68, at 2). Thus, Defendants did not provide evidence that Ms. Bartholomew waived the warranty against redhibitory defects.

12

Finally, Defendants contend that Plaintiffs have no evidence to prove that the issues with the brake system and the living portion of the motorhome constitute redhibitory defects under Louisiana law. (Rec. Doc. 58-1, at 11-16). First, Defendants point to their expert report, written after a 42-mile test drive, which found the motorhome in very good condition, without any warning lights or braking issues. *Id.* at 13-14. Second, Defendants argue that the "other problems" with the living portion of the motorhome are simply cosmetic and should have been apparent at the time of sale, and thus are not redhibitory defects. *Id.* at 16-17. Defendants' expert found that each of the "other problems," including the color of furnishings, rubber gasket, wallpaper, door closure mechanisms, rusty latches, and various knobs were not defective and were functioning properly. (Rec. Doc. 58-3).

Plaintiffs' opposition reveals the existence of numerous factual issues regarding the existence of the braking system defect, including a video of the motorhome braking on its own and the evidence that technicians attempted to repair the braking system twice during Plaintiffs' first year of owning the motorhome. (Rec. Doc. 62, at 21-22). The second repair lasted 184 days. *Id.* The key issue is whether the braking defect rendered their use of the motorhome so inconvenient that they would not have bought it, or without rendering it totally useless, diminishes its usefulness so that it must be presumed that they would have only purchased it for a lesser price. *See* La. Civ. Code. art. 2520. However, Plaintiffs do not provide specific evidence that the other alleged defects diminished the motorhomes' usefulness or

rendered it totally useless such that they would be entitled to rescission of the sale or reduction of the purchase price.

Plaintiffs' opposition evidence suggests that a genuine issue of material fact remains on whether the braking defect is redhibitory, but not whether the "other problems" with the motorhome are redhibitory. Thus, Defendants are entitled to summary judgment as to the defects in the living portion of the motorhome, but Defendants are not entitled to summary judgment at this time as to the redhibition claims regarding the braking defect.

## III.   Nonpecuniary Damages

Plaintiffs also seek to recover non-pecuniary damages against Defendants based on the alleged defects in the motorhome. Damages for non-pecuniary loss "may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest, and, because of the circumstances surrounding the formation or nonperformance of the contract, the obligor knew, or should have known that his failure to perform would cause that kind of loss." La. Civ. Code. art. 1998. In general, the purchase of a new truck or car from a dealership, unlike an antique or distinctive vehicle, is a pecuniary transaction. *See Young v. Ford Motor Co.*, 595 So. 2d 1123, 1133-1134 (La. 1992) (holding that purchase of truck for recreational use was not a significant nonpecuniary interest). Further, "in Louisiana, vehicles and mobile homes are presumptively pecuniary purchases." *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 702 (5th Cir. 2007); *see also Jones v. Winnebago Industries, Inc.*, 92 So.3d 1113, 1122 (La. App. 2 Cir. 2012) (holding that plaintiffs were not entitled

14

to nonpecuniary damages because the primary purpose of their RV purchase was transportation/recreational travel).

Here, despite Plaintiffs' consistent description of their Sunseeker as "custom-built," including specific interior finishes, Plaintiffs provide no evidence that they purchased their motorhome to satisfy a nonpecuniary interest. In fact, Ms. Mancuso testified that they purchased the motorhome because of the floor plan and for basic living while they traveled. (Rec. Doc. 58-4, at 2). Further, Plaintiffs provide no evidence to show that Defendants knew or should have known that their purchase was intended to satisfy a non-pecuniary interest. Thus, Plaintiffs have not provided facts showing a genuine issue exists regarding their nonpecuniary interest in the motorhome as to survive summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment **(Rec. Doc. 58)** is **GRANTED IN PART** as to Plaintiffs' MMWA claims for a violation of an express warranty, Cheryl Mancuso's claims in redhibition against Berryland and Forest River, Plaintiffs' claims in redhibition regarding the motorhome's defects in the living portion, and Plaintiffs' claims for nonpecuniary damages.

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment **(Rec. Doc. 58)** is **DENIED IN PART** as to Mary Bartholomew's claims and the rehibition claims regarding the motorhome's alleged braking defect.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Sur-Reply Brief* **(Rec. Doc. 72)** is **DENIED.**

New Orleans, Louisiana, this 9th day of November 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

16